UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Amy Crum,

          Plaintiff,

v.

United Financial Services, LLC; and DOES 1-10, inclusive,

          Defendants.

Civil Action No.: 1:14-cv-00148-JTC

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Amy Crum, the Plaintiff, submits this Memorandum of Law in Support of her Motion for a Default Judgment against Defendant, United Financial Services, LLC.

### PROCEDURAL HISTORY

The Plaintiff initiated this suit for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), by filing a complaint with the Court on March 3, 2014, naming United Financial Services, LLC ("United") as the Defendant. Declaration of Sergei Lemberg at ¶3; Dkt.# 1. The Plaintiff alleged specific conduct engaged in by the Defendant which violated the statute listed above. On March 3, 2014, a summons was issued as to the Defendant which was served upon Joseph Crawford, a person authorized to accept service of process at United, on March 29, 2014. *Id.*; Dkt.# 4. The Defendant has not seen fit to make an appearance as of the time of filing of the instant motion. Lemberg Decl. at ¶¶ 4-6.

As the Defendant failed to make an appearance or submit an answer to Plaintiff's Complaint, the Plaintiff submitted a Motion for Entry of Clerk's Default against Defendant on April 30, 2014, and Clerk's Entry of Default against United was entered on May 1, 2014. Dkt.# 4, 5. This Motion for Default Judgment follows.

**STATEMENT OF THE FACTS**

The Plaintiff is an adult individual residing in West Seneca, New York. Declaration of Amy Crum at ¶ 1. Plaintiff incurred a financial obligation which was used primarily for personal purposes (the "Debt"). *Id..* at ¶ 2. United is a business entity operating as a collection agency, and is a debt collector. *Id.* at ¶ 3. In or around October 2013, United began placing calls to Plaintiff in an attempt to collect the debt. *Id.* During a conversation with United, a representative from United threatened Plaintiff with a lawsuit and further threatened Plaintiff with imprisonment if she did not pay the debt. *Id.* at ¶ 4. As of today, Plaintiff has not been served with any lawsuit and Plaintiff is not aware of any lawsuit filed against her, nor was Plaintiff arrested for the Debt. *Id*. at ¶ 5. A representative from United further threatened to call Plaintiff's friends and her neighbor and disclose that Plaintiff owed a Debt. *Id.* at ¶ 6.

**ARGUMENT**

I. **PLAINTIFF IS ENTITLED TO DEFAULT JUDGMENT AS DEFENDANT HAS FAILED TO PLEAD OR OTHERWISE DEFEND THIS LAWSUIT**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). Fed.R.Civ.P. 55(b) provides that upon application to the Court by the party entitled to a default judgment, the Court may enter a judgment by default against the defaulting party. *Granite Music Corp. v. Ctr. St. Smoke House, Inc.*, 786 F. Supp. 2d 716, 726 (W.D.N.Y. 2011). The Federal Rules of Civil Procedure provide a two-step process for obtaining a default judgement [sic] in federal district court. *Id., citing New York v. Green,* 420 F.3d 99, 104 (2d Cir. 2005) "Having obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b)." *Green,* 420 F.3d at 104. Upon entry of

default, all the well-pleaded allegations of the complaint are accepted as true. *Greyhound Exhibit Group v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1992). The Court, however, must still determine whether, based on the complaint's well-pleaded allegations, the complaint states a claim upon which relief can be granted. *Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 65 (2d Cir. 1981). Prior to entering default judgment, the Court must determine whether the facts alleged in the Complaint are sufficient to state a claim for relief as to each cause of action. *Garden City Boxing Club, Inc. v. Giambra,* 2004 WL 1698633, at *1 (W.D.N.Y. July 27, 2004). A default judgment entered on the well-pleaded allegations of the complaint establishes a defendant's liability. *Bambu Sales, Inc. v. Ozak Trading Inc.,* 58 F.3d 849, 854 (2d Cir. 1995).

In considering a motion for default judgment, the Court is guided by the same three factors that apply to a motion to set aside entry of a default judgment. *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95 (2d Cir. 1993). Specifically, the court considers "1) whether the defendant's default was willful; 2) whether defendant has a meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Mason Tenders District Council v. M & M Contracting & Consulting,* 193 F.R.D. 112, 114–15 (S.D.N.Y. 2000).

In this case, the facts support a default judgment against United Financial Service, LLC. United was duly served on March 29, 2014, and is on notice of the pending action. A substantial time has elapsed since service, giving the Defendant ample opportunity to file a responsive pleading. The Defendant has also had ample time to move to have the Entry of Default set aside. United has failed to do so and as such Plaintiff is entitled to Default Judgment.

Although Plaintiff meets the technical requirements for entry of default judgment, the inquiry does not stop there. The Court considers only the Complaint's "well-pleaded

allegations" in considering whether to enter default judgment. *Au Bon Pain Corp.,* 653 F.2d at 65. It is within the sound discretion of the Court whether to enter a default judgment pursuant to Rule 55(b)(2), based on the assessment of the circumstances of the case and an evaluation of the parties' credibility and good faith. *Shah v. New York State Department of Civil Service,* 168 F.3d 610, 615 (2d Cir. 1999). The facts pled in the Complaint along with Plaintiff's declaration are sufficient to support a claim for damages pursuant to the FDCPA.

## II. UNITED VIOLATED 15 U.S.C. 1692d BY ENGAGING IN BEHAVIOR THE NATURAL CONSEQUENCE OF WHICH WAS TO HARASS, OPPRESS, OR ABUSE THE PLAINTIFF

United violated the FDCPA's provision that prohibits United to engage into conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt. Section 1692d provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

15 U.S.C. § 1692d.

Here, United engaged in behavior the purpose of which was nothing less than to harass, oppress, and abuse Plaintiff and coerce her into payment of the Debt. United called Plaintiff to threaten her with a lawsuit and imprisonment in an attempt to coerce Plaintiff into payment of the Debt. To date, Plaintiff has not been served with United's lawsuit and is not aware of any lawsuit filed by United against her, nor was she arrested for non-payment of the Debt. Additionally, United threatened to call Plaintiff's friends and her neighbor to tell them Plaintiff owed a Debt. United's conduct is nothing short of harassment, oppression and abuse of the Plaintiff and violated section 1692d. Therefore, the Court should enter a default judgment against United for violating section 1692d of the FDCPA.

**III.   UNITED VIOLATED 15 U.S.C. 1692e BY USING FALSE, DECEPTIVE, AND MISLEADING REPRESENTATION OR MEANS IN CONNECTION WITH THE COLLECTION OF A DEBT**

United violated the FDCPA's provision that prohibits United to use false, deceptive, or misleading representation or means in connection with the collection of a debt. Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

Here, in an attempt to collect the Debt from the Plaintiff, United made multiple misrepresentations as well as false and deceptive statements to the Plaintiff. Namely, United's collector(s):

- Falsely threatened Plaintiff with a lawsuit;
- Falsely threatened Plaintiff with a service of process; and
- Falsely threatened Plaintiff with imprisonment.

Nearly a year later, no lawsuit has been filed against the Plaintiff, Plaintiff has not been served with any legal process, and has not been arrested for non-payment of the Debt. Therefore, United had no ability or intent to act on its threats at the time it made them.  United's use of false and deceptive threats was an illegal scare tactic employed to intimidate the Plaintiff into immediate payment of the Debt.  Therefore, the Court should enter judgment against United for violating sections 1692e, e(4), e(5) and 1692e(10) of the FDCPA.

Furthermore, such conduct on part of United violated the FDCPA's provision that prohibits United to use unfair and unconscionable means to collect a debt, 15 U.S.C. § 1692f[1] and the Court should enter a default judgment against United for violating this section of FDCPA.

## IV.   UNITED VIOLATED NEW YORK GBL § 349 BY ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

United violated the New York General Business Law provision that prohibits United to engage willfully and knowingly into deceptive conduct.  Section 349 provides:

> (a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.

NY GBL § 349.

Here, in an attempt to collect the Debt from the Plaintiff, United made deceptive statements to the Plaintiff.  Namely, United's collector(s):

- Falsely threatened Plaintiff with a lawsuit;
- Falsely threatened Plaintiff with a service of process; and
- Falsely threatened Plaintiff with imprisonment.

---

[1] 15 U.S.C. § 1692f states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

Nearly a year later, no lawsuit has been filed against the Plaintiff, Plaintiff has not been served with any legal process, and has not been arrested for non-payment of the Debt. Hence, United had no ability or intent to act on its threats at the time it made them. Further, pursuant to the laws of the State of New York, United has no authority or power to cause an arrest of a person for non-payment of the Debt. Therefore, United engaged into such deceptive acts willfully and knowingly. United's use of false and deceptive threats was an illegal scare tactic employed to intimidate the Plaintiff into immediate payment of the Debt. Therefore, the Court should enter judgment against United for violating NY GBL § 349.

V.    **THE PLAINTIFF IS ENTITLED TO RECOVER HER ACTUAL DAMAGES FROM UNITED**

The FDCPA allows for recovery of emotional distress type damages. 15 U.S.C. § 1692k(a)(1). The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress enacted the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a)-(e).

Damages for emotional distress may be recovered under the FDCPA without proving the elements of a state tort. *See Wenrich v. Robert E. Cole, P.C.,* CIV. A. 00-2588, 2001 WL 4994, at *6 (E.D. Pa. Dec. 22, 2000). Under the FDCPA actual damages for emotional distress may be proved independently of the state law requirements of proof for the tort of intentional infliction of emotional distress. *See Smith v. Law Offices of Mitchell N. Kay,* 124 B.R. 182, 185 (D. Del.

1991). Further, neither proof of physical injury nor extreme or outrageous conduct is necessary to support damages for emotional distress under the FDCPA where the debt collector's conduct was culpable. *Ford v. Consigned Debts & Collections, Inc.,* CIV. 09-3102 NLH AMD, 2010 WL 5392643 (D.N.J. Dec. 21, 2010); *Bingham v. Collection Bureau, Inc.,* 505 F.Supp. 864, 875 (D.N.D. 1981).

## VI. THE AMOUNT SOUGHT FOR ACTUAL DAMAGES IS REASONABLE UNDER THE CIRCUMSTANCES

The Plaintiff is seeking an award of twenty five thousand dollars to compensate her for her actual damages in this case. This requested amount is eminently reasonable and justified under the circumstances. As a direct consequence of United's conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, and embarrassment. Crum Decl. ¶ 7. Since Plaintiff had the initial conversation with United in October 2013, she still suffers from fear of being confronted by her family members or her neighbor about a telephone call from United about her Debt. *Id.* at ¶ 8. If United were to call Plaintiff's family members or her neighbor and disclosed such personal details of Plaintiff's life, Plaintiff would be quite humiliated add embarrassed, and a thought of that happening causes her stress. *Id.* at ¶ 9. Further, United's threat to have Plaintiff arrested caused Plaintiff a lot of anger, since now Plaintiff understands that United has no actual power under the law to cause Plaintiff's arrest merely for not satisfying a consumer debt. *Id.* at ¶ 10. But Plaintiff did not have such understanding at the time United made its threat, which caused Plaintiff to suffer emotional distress. *Id.* When viewed as a whole, United's conduct was willful and intentional and warrants a high award of actual damages. Recent case law establishing similar default judgments and jury verdicts are commensurate with the Plaintiff's request.

In *Nelson v. Equifax Info. Servs., LLC,* 522 F. Supp. 2d 1222, 1239 (C.D. Cal. 2007), a jury awarded $85,000.00 in emotional distress damages under the FDCPA for the manner in which a debt collector mistakenly reported information onto the Plaintiff's credit report. In *Panahaisl v. Gurney,* 2007 WL 738642, (N.D. Cal. March 7, 2007), the Northern District of California was asked to assess damages upon Defendant's default in an FDCPA matter. The Court awarded a total of $60,000.00 for the consumer's emotional distress due to defendants' abusive, harassing, and deceptive debt collection attempts. The emotional distress suffered by the plaintiff in *Panahaisl* manifested itself in "embarrassment, fear, anger, panic, humiliation, nervousness, crying fits, difficulty eating and sleeping, and diarrhea." *Id*. at *3.

In *Robertson v. Horton Brothers,* 2007 WL 2009703 (D. Del. July 3, 2007) the District of Delaware was asked to determine plaintiff's actual damages upon defendant's default. The court awarded $75,000.00 in actual damages for emotional distress in that FDCPA matter. Here, the Plaintiff has suffered anger, anxiety, emotional distress, and frustration amongst other negative emotions due to the violations by the Defendant. Based on the foregoing, the Plaintiff's request for $25,000.00 in actual damages is fully warranted.

## VII. THE PLAINTIFF IS ENTITLED TO STATUTORY DAMAGES FROM UNITED

Statutory damages of up to $1,000.00 are available to the Plaintiff under the FDCPA for United's unlawful collection activities. 15 U.S.C. § 1692k(a). In considering the award of statutory damages, the court should consider (1) the frequency and persistence of the debt collector's noncompliance, (2) the nature of the violation, and (3) the extent to which the debt collector's actions were intentional. *Id*. The FDCPA also calls for an award of attorney's fees and costs to a successful claimant. *Id*.

The NY GBL § 349(h) also allows the Plaintiff to recover attorney's fees and costs. The NY GBL further entitles the Plaintiff to recover "actual damages or fifty dollars, whichever is

greater" which the Court in its discretion may treble (not to exceed $1,000.00), "if the court finds the defendant willfully or knowingly violated this section." NY GBL § 349(h).

Plaintiff has demonstrated both in the Complaint and in her Declaration that United's conduct was willful and in complete disregard for the Plaintiffs' rights.  Through its conduct at issue in the Complaint and through its refusal to participate in this action, United has unmistakably demonstrated that it is a scofflaw.  The Court should, therefore, award the Plaintiff damages reflecting the willfulness of United's illegal conduct.

Based on United's violations of the FDCPA, Defendant must be held liable for the maximum amount statutory damages in addition to the Plaintiffs' actual damages.  As demonstrated above, United has committed numerous violations of the FDCPA and NY GBL. Statutory damages of $1,000.00 under the FDCPA and the maximum allowable damages of $1,000.00 under the NY GBL must be awarded, as well as reasonable amounts for the Plaintiff's attorney's fees and costs.

## CONCLUSION

Based on the Plaintiff's allegations set forth in her Complaint, and accompanying declaration the Court should enter a default judgment against United for violating the Fair Debt Collection Practices Act and New York General and Business Law.  The Plaintiff requests actual damages of $25,000.00 under the FDCPA, statutory damages of $1,000.00 under the FDCPA, maximum allowable actual damages of $1,000.00 under NY GBL, and respectfully requests the Court award Plaintiff reasonable attorneys fees and costs.

Dated: September 19, 2014

                                                    Respectfully submitted

                                                    By /s/ Sergei Lemberg
                                                    Sergei Lemberg, Esq.

                                        LEMBERG LAW L.L.C.
                                        A Connecticut Law Firm
                                        1100 Summer Street, 3rd Floor
                                        Stamford, CT 06905
                                        Telephone: (203) 653-2250
                                        Facsimile: (888) 953-6237
                                        ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

  I hereby certify that on September 19, 2014, a true and correct copy of the foregoing Motion for Default Judgment was served electronically by the U.S. District Court for the Western District of New York Electronic Document Filing System (ECF) and that the document is available on the ECF system. In addition, a copy of the foregoing was mailed by U.S. First Class Certified Mail to:

United Financial Services
4651 Roswell Road
Atlanta, Georgia 30342

              /s/ Sergei Lemberg
              Sergei Lemberg, Esq.