UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

AMY CRUM,

                            Plaintiff,

              -vs-                                  14-CV-148-JTC

UNITED FINANCIAL SERVICES LLC; and
DOES 1 - 10, inclusive;

                            Defendants.

---

## INTRODUCTION

On March 3, 2014, plaintiff Amy Crum filed a complaint alleging various violations of the Fair Debt Collection Practices Act ("FDCPA" or "Act"), 15 U.S.C. § 1692, *et seq.* Defendant United Financial Services LLC failed to appear and defend this action, which resulted in entry of default by the Clerk of the Court, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, on May 1, 2014. Item 5. Presently before the court is plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). Item 6. For the following reasons, plaintiff's motion is granted.

## DISCUSSION

**1.**     **Default Judgment Standard**

Before obtaining default judgment, a party must first secure a Clerk's entry of default by demonstrating, by affidavit or otherwise, that the opposing party is in default. Fed. R. Civ. P. 55(a). Once default has been entered, the allegations of the complaint establishing the defendant's liability are accepted as true, except for those relating to the amount of

damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993).

In considering whether to enter default judgment, the court must determine whether the facts alleged in the complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment. Further, where the damages sought are not for a sum certain, the court must determine the propriety and amount of the default judgment. *See* Fed. R. Civ. P. 55(b)(2). Damages must be established by proof, unless the damages are liquidated or "susceptible of mathematical computation." *Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir. 1974). All reasonable inferences from the evidence presented are drawn in the moving party's favor. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

**2.    Liability**

As set forth in the complaint, the facts are relatively straightforward. At all times relative to the claims asserted, defendant United Financial Services LLC was acting in the capacity of a business entity or person engaged in the business of debt collection, within the meaning of 15 U.S.C. § 1692a(6) (definition of "debt collector"). Plaintiff alleges that, in or about October 2013, defendant commenced collection activities to recover an alleged debt. Defendant contacted plaintiff, threatened her with a lawsuit and imprisonment, and threatened to make additional telephone calls to plaintiff's friends and neighbors, all in violation of a number of the provisions of the FDCPA. Item 1, ¶¶ 12-14.[1] Additionally,

---

[1] Specifically, plaintiff alleges that defendant's debt collection activity violated sections 1692d (prohibiting engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt); 1692e and 1692e(10) (prohibiting the use of false, deceptive, or misleading representations or means in connection with the collection of a debt); 1692e(4) (prohibiting the implication that nonpayment of the debt will result in the arrest or imprisonment of any

plaintiff alleges that defendant's conduct constitutes "deceptive acts and practices" within the meaning of the New York General Business Law ("NY GBL") § 349. *Id.,* ¶¶ 28-29. Accordingly, for the purposes of this motion, plaintiff has sufficiently alleged facts to establish defendant's liability under the FDCPA and the NY GBL.

3.     **Statutory Damages**

Section 1692k(a)(2)(A) of the FDCPA authorizes the court to award up to $1,000 in statutory damages per plaintiff for any violation of the FDCPA. The specific amount of statutory damages, not to exceed $1,000, falls within the court's discretion. *See Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998). Factors to be considered by the court in determining an appropriate statutory damages award include the frequency, persistence, and nature of the debt collector's noncompliance with the Act; the debt collector's resources; the number of individuals adversely affected; and the extent to which the debt collector's non-compliance was intentional. *See* 15 U.S.C. § 1692k(b)(1). Awards of the $1,000 statutory maximum are typically reserved for cases where the defendants' violations are "particularly egregious or intimidating." *Cordero v. Collection Co.,* 2012 WL 1118210, *2 (E.D.N.Y. Apr. 3, 2012).

By virtue of the entry of default, defendant is deemed to have admitted the well-pleaded allegations of the complaint (including, threats of a lawsuit and imprisonment, and threats of phone calls to friends and neighbors regarding plaintiff's alleged debt). However, considering the relative infrequency of pleaded instances of noncompliance (apparently a single telephone call), the limited number of individuals adversely affected (one), and the

---

person); 1692e(5) (prohibiting the threat of any action that cannot legally be taken or is not intended to be taken); and 1692f (prohibiting the use of unfair and unconscionable means to collect a debt).

absence of any further information regarding the debt collector's resources or intent, the court finds that these violations of the FDCPA do not amount to the level of "particularly egregious or intimidating" conduct warranting an award of maximum statutory damages. The court therefore awards plaintiff a total of $500.00 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A). *See Hance v. Premier Recovery Group, Inc.*, 2013 WL 85068, *2 (W.D.N.Y. Jan. 7, 2013) (awarding $500 in statutory damages where defendant called plaintiff's home on a number of occasions, totaling more than 20 times per month); *Fajer v. Kaufman, Burns & Assocs.*, 2011 WL 334311, *3 (W.D.N.Y. Jan. 28, 2011) (awarding $500 where defendant made numerous calls to home and workplace and made empty threats of litigation); *see also Bonafede v. Advanced Credit Solutions*, LLC, 2012 WL 400789, *3 (W.D.N.Y. Feb. 7, 2012) (finding demand of $1,000 "excessive" where plaintiff presented no evidence that communications with collector were persistent).

### 4.     Actual Damages

A prevailing plaintiff in a FDCPA suit may also recover actual damages for emotional distress. *See* 15 U.S.C. § 1692k(a)(1); *Cooper v. Ellis, Crosby & Assocs., Inc.*, 2007 WL 1322380, at *2 (D.Conn. May 2, 2007). Any actual damages recovered by a plaintiff are intended to "compensate [her] for out of pocket expenses, personal humiliation, embarrassment, mental anguish, and/or emotional distress that results from defendant's failure to comply with the FDCPA." *Mira v. Maximum Recovery Solutions, Inc.*, 2012 WL 4511623, at *3 (E.D.N.Y. Aug. 31, 2012), *Report and Recommendation adopted*, 2012 WL 4581590 (E.D.N.Y. Sept. 29, 2012) (quoting *Milton v. Rosicki, Rosicki & Assocs., P.C.*, 2007 WL 2262893, at *3 (E.D.N.Y. Aug.3, 2007) (internal quotation omitted)). A plaintiff

requesting actual damages "bears the burden of proof by a preponderance of the evidence." *Cooper*, 2007 WL 1322380, at *2 (citation omitted).

In support of the motion for default judgment, plaintiff has submitted an unsworn declaration in which she asserts that, as a direct consequence of defendant's conduct, she suffered and continues to suffer from "humiliation, anger, anxiety, emotional distress, fear, and embarrassment." Item 6-2, ¶ 7. The court notes that plaintiff has submitted no medical records or documentary evidence to corroborate her alleged emotional distress. Typically, a "generalized, blanket assertion is insufficient proof of specific injury to justify an award of actual damages under the FDCPA." *Krueger v. Ellis, Crosby & Assocs., Inc.,* 2006 WL 3791402, * 2 (D.Conn. Nov. 9, 2006) (citing *Emanuel v. Am. Credit Exchange,* 870 F.2d 805, 809 (2d Cir. 1989) (plaintiff failed to plead or prove that he suffered any specific loss and thus was not deserving of actual damages). Nonetheless, the court's research indicates that, in recent years, courts in this circuit have awarded nominal actual damages for emotional distress in certain cases, even in the absence of medical or other documentary evidence in support of the claim. *See Chudomel v. Dynamic Recovery Servs., Inc,* 2013 WL 5970613, *9 (E.D.N.Y. Nov. 8, 2013) ($1,000 awarded); *Mira,* 2012 WL 4511623, *3 (E.D.N.Y. Aug. 31, 2012) ($1,000); *Woods v. Sieger, Ross & Aguire, LLC,* 2012 WL 1811628, *4 (S.D.N.Y. May 18, 2012) ($1,000); *Pearce v. Ethical Mgmt., Inc.*, 2010 WL 932597, *5 (W.D.N.Y. Mar. 11, 2010) ($750). However, in this case, given the lack of documentation, the limited contact with plaintiff by defendant, the less than egregious nature of the alleged conduct, and plaintiff's current awareness that she need not live in fear of being arrested for the failure to satisfy a consumer debt (*see* Item 6-2, ¶

10), plaintiff's request for $25,000 in actual damages for emotional distress is clearly excessive and is denied.

Additionally, plaintiff has asked for an award of actual damages under the NY GBL and that the amount of actual damages be trebled. That statute provides that the court may treble an award of actual damages (not to exceed $1000), in its discretion, if it finds the defendant's conduct to have been intentional. *See* N.Y. Gen Bus. Law § 349(h). The fact that plaintiff has presented both state and federal law theories of liability does not entitle her to separate recoveries for a single injury. *See Shepherd v. Law Offices of Cohen & Slamowitz, LLP,* 668 F.Supp.2d 579, 582 (S.D.N.Y. 2009) ("[P]laintiff will not be able to recover statutory damages under both FDCPA and the GBL [because] that would violate the rule against double recovery for the same injury."); *cf. Medina v. District of Columbia,* 643 F.3d 323, 328 (D.C.Cir. 2011) ("If a federal claim and a state claim arise from the same operative facts, and seek identical relief, an award of damages under both theories will constitute double recovery." (internal quotation omitted)). Thus, even assuming that the complaint adequately states a claim under the NY GBL, plaintiff cannot independently recover actual damages for her emotional distress under New York state law. *See Woods v. Sieger, Ross & Aguire, LLC,* 2012 WL 1811628, at *6. Having declined to award actual damages under the FDCPA, the court likewise finds the proof lacking for an award under the NY GBL.[2]

---

[2] While the FDCPA provides for the recovery of reasonable attorney's fees and costs by successful litigants, *see* 15 U.S.C. § 1692k(a)(3), the court has been informed that plaintiff's counsel seeks no award of attorneys fees or costs in this case.

**CONCLUSION**

Based on the foregoing, plaintiff's motion for default judgment (Item 6) is GRANTED.  Plaintiff is awarded $500.00 in statutory damages for defendants' violations of the FDCPA.

The Clerk of the Court is directed to enter judgment accordingly, and to close this case.

So Ordered.

    \s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:   October 29, 2014